Michael C. Miller (MM-4632)
Evan Glassman (EG-9493)
Christopher J. Marino (CM-3219)
**PILIERO GOLDSTEIN KOGAN**
  **& MILLER, LLP**
10 East 53rd Street
New York, New York 10022
Telephone:    (212) 478-8500
Facsimile:    (212) 478-8584

*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FRANCK MULLER USA, INC.,

        Plaintiff,

        -against-

YAFA ANTIQUE JEWELRY INC.; YAFA
JEWELRY INC.; NEW YORK BUYER'S
JEWELRY, INC.; NEW YORK TIME OF
47TH STREET INC.; JOHN DOES 1-50;
and, XYZ CORPORATIONS 1-50,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action No. 06 CV 15410 (AKH)

**AMENDED COMPLAINT**

Plaintiff Franck Muller USA, Inc. ("FMUSA"), through its attorneys, Piliero Goldstein

Kogan & Miller, LLP, hereby alleges as its Complaint against Yafa Antique Jewelry Inc., Yafa

Jewelry Inc., New York Buyer's Jewelry, Inc., New York Time of 47th Street Inc., John Does 1-50,

and XYZ Corporations 1-50, as follows:

## NATURE OF THE ACTION

1.      In this action, Plaintiff seeks injunctive relief and damages under the laws of the

United States and the State of New York for acts of trademark infringement, unauthorized

importation of goods, unfair competition, and violation of the Tariff Act engaged in by Defendants.

## JURISDICTION AND VENUE

2.     This action arises under Section 526 of the Tariff Act, 19 U.S.C. § 1526, the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), New York General Business Law § 360-l, and the common law of the State of New York.

3.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.

4.     Venue of this action is properly laid in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

5.     Plaintiff FMUSA is a domestic corporation organized and existing under the laws of New York, with its principal place of business located in New York, New York. Plaintiff FMUSA imports, markets, sells and distributes in the United States expensive, collectible FRANCK MULLER watches, and it has been doing so since 1993. Within the United States, Plaintiff FMUSA has sold its products solely to its authorized retail dealers, which, in turn, have resold those products to consumers.

6.     Upon information and belief, at all times relevant hereto:

    a.     Yafa Antique Jewelry Inc. ("Yafa Antique") is and has been a corporation organized and existing under the laws of the State of New York, having an office and place of business at 15 West 47th Street, Booth 1, New York, New York 10036.

2

b.    Yafa Jewelry Inc. ("Yafa Jewelry") is and has been a corporation organized and existing under the laws of the State of New York, having an office and place of business at 15 West 47th Street, Booth 1, New York, New York 10036.

c.    New York Buyer's Jewelry, Inc. ("Buyer's") and New York Time of 47th Street Inc. ("NYT") are and have been corporations duly organized and existing under the laws of the State of New York, both of which, upon information and belief, have had their offices and principal places of business located at 1196 6th Avenue, New York, New York 10036. Upon information and belief, Buyer's previously operated at 46 West 47th Street, New York, New York 10036 in a building that no longer exists. Upon information and belief, Buyer's continues to operate as NYT.

d.    Defendants John Does 1-50, are either residents of or are doing business in this judicial district. The identities of the various John Does are not presently known and cannot be presently known. This Complaint will be amended to include the names of said individuals if they permit themselves to be identified.

e.    Defendants XYZ Corporations 1-50 are either doing business in or are engaged in the transaction of business within this judicial district. The identities of XYZ Corporations 1-50 are not presently known and cannot be presently known. This Complaint will be amended to include the name of the actual company(ies) if the company(ies) permit identification.

Defendants Yafa Antique, Yafa Jewelry, Buyer's, NYT, John Does 1-50, and XYZ Corporations 1-

3

50 are hereinafter referred to collectively as "Defendants."

## THE FM "STYLIZED" TRADEMARK

7.    Plaintiff FMUSA repeats and realleges each and every allegation contained in paragraphs 1 through 6 above as if fully set forth herein.

8.    FRANCK MULLER is a brand of Swiss-made expensive, luxury and collectible watches.  Such watches are famous throughout the world for their leadership in style, excellence and quality of master watch craftsmanship.  They are sold throughout the world under the brand name "FRANCK MULLER."

9.    FMUSA has the sole and exclusive right to distribute FRANCK MULLER products in the territorial United States of America.

10.    Franck Muller Watchland SA, a Swiss company ("Watchland"), is the manufacturer of FRANCK MULLER products and the sole source for the watches sold by FMUSA.  Watchland has exclusively licensed FMUSA in the United States under all Watchland's intellectual property, including all relevant patents, copyrights and trademarks.

11.    FMUSA is the sole owner of the stylized FM trademark (the "FM Stylized Trademark").  At present, FMUSA's U.S. Trademark Registration for this mark is: Registration No. 2,382,432 of September 5, 2000 in International Classification No. 14 for the trademark FM (Stylized) for watches.

4

12.    A copy of the printouts from the TESS database of the U.S. Patent and Trademark Office for the foregoing registration (the "FM Stylized Registration") is annexed hereto as Exhibit A and incorporated herein by reference.  The FM Stylized Registration is in full force and effect, has never been abandoned, and the trademark covered thereby and the goodwill associated therewith constitute assets of enormous value.

13.    Plaintiff FMUSA commenced the importation, marketing, sale and distribution of watches bearing the FM Stylized Trademark in 1993, and consistently has been using the FM Stylized Trademark since that time in connection with such activities.

14.    Plaintiff FMUSA has continuously marketed, offered for sale, and sold watches and related products bearing the FM Stylized Trademark in interstate commerce in the United States for 13 years, since 1993.

15.    Plaintiff FMUSA intends to continue to use the FM Stylized Trademark in connection with all aspects of its businesses and, in particular, in all aspects of the styling, manufacturing, selling, merchandising, promoting and displaying of watches and related products.

16.    Plaintiff FMUSA's business policy with regard to the FM Stylized Trademark is to protect and maintain its reputation for use only in connection with merchandise and services of the highest quality, and to ensure that any goods or services associated in any manner, shape or form with the FM Stylized Trademark will be identified by purchasers as goods or services emanating from, licensed by, sponsored or authorized by a single source.

17.    Plaintiff FMUSA establishes and maintains quality and luxury standards for the products and services identified by the FM Stylized Trademark, including instructing retail users of the FM Stylized Trademark with respect to the style and quality of products, articles, services and warranties sold or offered to, under or in connection with the FM Stylized Trademark.

18.    The watches and other products sold by Plaintiff FMUSA under the FM Stylized Trademark, have been widely advertised to the purchasing public and to the trade throughout the United States by all means and all types of advertising media, including newspapers, magazines, trade publications and the like, such that the FM Stylized Trademark has become famous throughout the United States and New York.

19.    Plaintiff FMUSA and its authorized retailers have expended enormous sums of money in promoting the FM Stylized Trademark. As a result of such activities, both the trade and the public at large have come to identify the FM Stylized Trademark with Plaintiff FMUSA and Plaintiff FMUSA's business, and the FM Stylized Trademark has developed a secondary meaning associating it with Plaintiff FMUSA and its products and services. During the 13 years in which Plaintiff FMUSA has been building the high-quality name and reputation associated with the FM Stylized Trademark, it has consistently invested in advertising and promotion. Over the period 2000-2006, Plaintiff FMUSA has invested over $8 million in advertising and promoting the FM Stylized Trademark in the United States by all means and all types of advertising media, including newspapers, magazines, trade publications, and the like.

20.    In addition to its extensive expenditures on advertising, Plaintiff FMUSA also uses various other forms of promotion of its watches bearing the FM Stylized Trademark. A large number of well-known celebrities have publicly worn FRANCK MULLER watches, and this fact has been documented via numerous media sources. Moreover, a number of public figures are known to wear and/or collect FRANCK MULLER watches.

6

21.     As a result of Plaintiff FMUSA's enormous advertising and promotional efforts, its extensive sales and the wide public display of watches bearing the FM Stylized Trademark by celebrities and collectors, the FM Stylized Trademark has become among the most well-known and famous trademarks in the watch field.

22.     From a marketing and promotional standpoint, the FM Stylized Trademark is highly successful, distinctive and has created instant recognition and association with a single source. As a result of the FM Stylized Trademark's extensive use by Plaintiff FMUSA and its authorized retail dealers, watches bearing the FM Stylized Trademark are recognized by the trade and purchasing public as being associated with items only of the highest style and of the highest quality, which are sold under the best merchandising and customer service conditions. As a result thereof, the FM Stylized Trademark and the goodwill associated therewith are of inestimable value to Plaintiff FMUSA.

## DEFENDANTS' UNLAWFUL ACTIVITIES

23.     Plaintiff FMUSA repeats and realleges each and every allegation contained in paragraphs 1 through 22 above as if fully set forth herein.

24.     Upon information and belief, Defendants have been purchasing FRANCK MULLER products from overseas resellers of FRANCK MULLER products for the purpose of importing and selling such products in the United States.

25.     Upon information and belief, Defendants have been selling and continue to sell products bearing the FM Stylized Trademark in New York and throughout the United States.

26.     Neither Watchland nor Plaintiff FMUSA has ever consented to the importation or sale of any FRANCK MULLER products by any of the Defendants in the United States.

27.     Defendants' efforts to misrepresent themselves as legitimate sources of FRANCK MULLER products take control of the reputation and goodwill of the FRANCK MULLER brand in the

7

United States away from FMUSA, which owns and is responsible for the goodwill of the FRANCK MULLER brand in the United States. Some of this damage occurs because consumers in the United States seeking information or wishing to contact the source of the FRANCK MULLER products in the United States will not receive the same level of support and customer service from Defendants as they have come to expect from FMUSA.

28.    To maintain the exclusive image it has created for FRANCK MULLER products, Plaintiff FMUSA sells FRANCK MULLER products only in exclusive jewelry, specialty and department stores. Defendants' sale of FRANCK MULLER products demeans the goodwill and the reputation of the FRANCK MULLER brand in the United States by irreparably destroying the exclusive allure FMUSA has created for FRANCK MULLER products in the United States.

29.    Consumer expectation as to the quality of FRANCK MULLER products being imported and sold by Plaintiff FMUSA in the United States is being compromised by Defendants' actions. By selling FRANCK MULLER products purchased outside the United States directly to consumers in the United States, Defendants' actions circumvent the quality control standards employed by Plaintiff FMUSA to assure U.S. consumers that the FRANCK MULLER products they purchase are of the quality they have come to expect from FRANCK MULLER. The sale of FRANCK MULLER products that circumvent Plaintiff FMUSA's quality control procedures further injures the goodwill FMUSA has built up for FRANCK MULLER products.

### FIRST CLAIM FOR RELIEF
### (Violation of Section 526 of the Tariff Act, 19 U.S.C. § 1526)

30.    Plaintiff FMUSA repeats and realleges each and every allegation contained in paragraphs 1 through 29 above as if fully set forth herein.

31.    Plaintiff FMUSA owns all of the right, title and interest in and to, and holds the

8

exclusive right to market and sell watches and related products bearing Plaintiff FMUSA's FM Stylized Trademark in the United States.

32.     Plaintiff FMUSA has expended considerable sums of money in promoting its FM Stylized Trademark in connection with watches and related products. As a result of such authorized activities, both the trade and the public at large have come to identify the Plaintiff FMUSA's FM Stylized Trademark with a single source, and Plaintiff FMUSA's FM Stylized Trademark has developed a secondary meaning associating it with Plaintiff FMUSA and with its products.

33.     Upon information and belief, Defendants have been importing and/or selling and continue to import and/or sell products bearing the FM Stylized Trademark in New York and throughout the United States.

34.     Plaintiff FMUSA is a U.S. corporation that is neither affiliated with, nor under common ownership or control with, the foreign manufacturer of the FRANCK MULLER brand watches imported and sold by Plaintiff FMUSA.

35.     Plaintiff FMUSA has never consented to the importation or sale of any FRANCK MULLER products by any of the Defendants in the United States.

36.     Defendants' unlawful and unauthorized importation and sale of products bearing the registered FM Stylized Trademark in connection with the sale of watches and other products violates Section 526 of the Tariff Act, 19 U.S.C. § 1526.

37.     Because the improper activities of Defendants complained of herein constitute nonconsensual importation of foreign manufactured goods bearing a registered mark owned by Plaintiff, Defendants have violated Section 526 of the Tariff Act, 19 U.S.C. § 1526.

38.    Plaintiff FMUSA has suffered and continues to suffer serious, irreparable harm and injury as a result of the aforesaid infringing acts of Defendants and Plaintiff FMUSA is without an adequate remedy at law, in that damages are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff FMUSA will be required to pursue a multiplicity of actions.

39.    Plaintiff FMUSA has sustained damage as a result of Defendants' wrongful acts as hereinabove alleged.  Plaintiff FMUSA is presently unable to ascertain the full extent of the money damages it has suffered and will suffer by reason of said acts of unfair competition, but upon information and belief, such damages exceed Five Million Dollars ($5,000,000).

40.    Plaintiff FMUSA is informed and believes, and on that basis alleges, that Defendants have obtained gains, profits, and advantages as a result of their acts of unfair competition as hereinabove alleged.  Plaintiff FMUSA is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid wrongful acts, but upon information and belief, such gains, profits, and advantages exceed Five Million Dollars ($5,000,000).

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement Under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))

41.    Plaintiff FMUSA repeats and realleges each and every allegation contained in paragraphs 1 through 40 above as if fully set forth herein.

42.    This claim arises under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), as a result of Defendants' unlawful and unauthorized use of the registered FM Stylized Trademark in connection with the sale of watches and other products.

43.    Without the authority or approval of Plaintiff FMUSA, Defendants have thus embarked upon an intentional, willful, and unlawful course of conduct intended to deprive FMUSA of the rights

10

and benefits of Plaintiff FMUSA's FM Stylized Trademark and accrue the same to themselves. In addition to the unlawful acts complained of elsewhere herein, Defendants have, among other things, used the FM Stylized Tradmark to cause the public to erroneously believe that their products are associated with or sponsored by Plaintiff FMUSA, when in fact they are not.

44.    Defendants, by misappropriating and unlawfully using Plaintiff FMUSA's FM Stylized Trademark, have confused, and are likely to confuse, the public. Such conduct constitutes trademark infringement and false designation of origin and false description or representation, and is calculated and intended to deceive and is likely to deceive consumers into believing that Defendants' products originate from, have the approval or authorization of or are sponsored by Plaintiff FMUSA or some other person or entity which has the authority to reproduce, copy or utilize Plaintiff's FM Stylized Trademark in the United States, when in fact they do not.

45.    Upon information and belief, Defendants have undertaken a concerted scheme, plan and course of conduct, alone or with others as yet unidentified, to trade upon Plaintiff FMUSA's reputation and goodwill by means of misappropriating and infringing Plaintiff FMUSA's FM Stylized Trademark. Defendants have committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with the express intent to injure Plaintiff FMUSA in its business and with full knowledge of Plaintiff FMUSA's trademark rights.

46.    Defendants' acts as alleged herein are calculated and intended to deceive and are likely to deceive consumers into believing that they are purchasing genuine, authorized products of Plaintiff FMUSA, when in fact they are not. Defendants' products do not originate from or have the approval or authorization of Plaintiff FMUSA or of any other person or entity which has the right to reproduce, copy or utilize Plaintiff FMUSA's FM Stylized Trademark.

11

47.    Upon information and belief, Defendants are unable to provide their customers with appropriately completed certificates and other indicia of warranty and authenticity. Thus, Defendants' products differ materially from those of Plaintiff.

48.    The continued promotion, marketing and sale of Defendants' products and other unauthorized, misleading use of Plaintiff FMUSA's FM Stylized Trademark will damage and dilute the goodwill and reputation of Plaintiff FMUSA, further impair the value of Plaintiff FMUSA's FM Stylized Trademark, and dilute the sales of Plaintiff FMUSA's products.

49.    Plaintiff FMUSA has suffered and will continue to suffer serious, irreparable harm and injury, including but not limited to lost sales and profits, as a result of the aforesaid infringing acts of Defendants, and Plaintiff FMUSA is without an adequate remedy at law, in that damages are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff FMUSA will be required to pursue a multiplicity of actions.

50.    Plaintiff FMUSA has already sustained and, unless Defendants' conduct is enjoined, will continue to sustain substantial damage as a result of Defendants' wrongful acts as hereinabove alleged. Plaintiff FMUSA is presently unable to ascertain the full extent of the money damages it has suffered and will suffer by reason of said acts of unfair competition, but upon information and belief, such damages exceed Five Million Dollars ($5,000,000).

51.    Defendants have obtained, and, unless enjoined, will continue to obtain, gains, profits, and advantages at the expense and to the detriment of Plaintiff FMUSA as a result of their acts of unfair competition as hereinabove alleged. Plaintiff FMUSA is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid wrongful acts, but upon information and belief, such gains, profits and advantages exceed Five Million Dollars ($5,000,000).

52.    Inasmuch as Defendants have committed the acts alleged herein intentionally, fraudulently, maliciously, willfully and wantonly, the damages awarded to Plaintiff FMUSA therefor should be trebled or enhanced as provided by 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF
### (Unauthorized Importation of Goods Under Section 42 of the Lanham Act, 15 U.S.C. § 1142)

53.    Plaintiff FMUSA repeats and realleges each and every allegation contained in paragraphs 1 through 52 above as if fully set forth herein.

54.    Plaintiff FMUSA owns all of the right, title and interest in and to, and holds the exclusive right to market and sell watches and related products bearing Plaintiff FMUSA's FM Stylized Trademark in the United States.

55.    Plaintiff FMUSA has expended considerable sums of money in promoting its FM Stylized Trademark in connection with watches and related products.  As a result of such authorized activities, both the trade and the public at large have come to identify Plaintiff FMUSA's FM Stylized Trademark with a single source, and Plaintiff FMUSA's FM Stylized Trademark has developed a secondary meaning associating it with Plaintiff FMUSA and with its products.

56.    Upon information and belief, Defendants have been importing and/or selling and continue to import and/or sell products bearing the FM Stylized Trademark in New York and throughout the United States.

57.    Plaintiff FMUSA has never consented to the importation or sale of any FRANCK MULLER products by any of the Defendants in the United States.

58.    Defendants' unlawful and unauthorized importation and sale of products bearing the registered FM Stylized Trademark in connection with the sale of watches and other products violates Section 42 of the Lanham Act, 15 U.S.C. § 1142.

59.    Plaintiff FMUSA has suffered and continues to suffer serious, irreparable harm and injury as a result of the aforesaid infringing acts of Defendants and Plaintiff FMUSA is without an adequate remedy at law, in that damages are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff FMUSA will be required to pursue a multiplicity of actions.

60.    Plaintiff FMUSA has sustained damage as a result of Defendants' wrongful acts as hereinabove alleged.  Plaintiff FMUSA is presently unable to ascertain the full extent of the money damages it has suffered and will suffer by reason of said acts of unfair competition, but upon information and belief, such damages exceed Five Million Dollars ($5,000,000).

61.    Plaintiff FMUSA is informed and believes, and on that basis alleges, that Defendants have obtained gains, profits, and advantages as a result of their acts of unfair competition as hereinabove alleged.  Plaintiff FMUSA is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid wrongful acts, but upon information and belief, such gains, profits, and advantages exceed Five Million Dollars ($5,000,000).

62.    Inasmuch as Defendants have committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, the damages awarded to Plaintiff FMUSA therefor should be trebled or enhanced as provided by 15 U.S.C. § 1117.

14

## FOURTH CLAIM FOR RELIEF
### (Federal Unfair Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

63.    Plaintiff FMUSA repeats and realleges each and every allegation contained in paragraphs 1 through 62 above as if fully set forth herein.

64.    Plaintiff FMUSA owns all of the right, title and interest in and to, and holds the exclusive right to market and sell watches and related products bearing Plaintiff FMUSA's FM Stylized Trademark in the United States.

65.    Plaintiff FMUSA has expended considerable sums of money in promoting its FM Stylized Trademark in connection with watches and related products.  As a result of such authorized activities, both the trade and the public at large have come to identify the Plaintiff FMUSA's FM Stylized Trademark with a single source, and Plaintiff FMUSA's FM Stylized Trademark has developed a secondary meaning associating it with Plaintiff FMUSA and with its products.

66.    Defendants have, in connection with their sale of goods, made false descriptions and representations, which tend falsely to describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such descriptions and representations, all to the detriment of Plaintiff FMUSA.

67.    Defendants' conduct as hereinabove alleged has confused, and is likely to confuse, the public and constitutes a false description or representation.

15

68.    Defendants' acts as alleged herein are calculated and intended to deceive and are likely to deceive consumers into believing that they are purchasing genuine, authorized products of Plaintiff FMUSA, when in fact they are not. Defendants' products do not originate from, have the approval or authorization of, or are sponsored by Plaintiff FMUSA or of any other person or entity which has the right to reproduce, copy or utilize Plaintiff FMUSA's FM Stylized Trademark in the United States.

69.    Plaintiff FMUSA is informed and believes, and on that basis alleges, that the continued promotion, marketing and sale of Defendants' products and other unauthorized, misleading representations will damage and dilute the goodwill and reputation of Plaintiff FMUSA, further impair the value of the Plaintiff FMUSA's FM Stylized Trademark, and dilute the sales of Plaintiff FMUSA's products.

70.    Plaintiff FMUSA has suffered and continues to suffer serious, irreparable harm and injury as a result of the aforesaid infringing acts of Defendants and Plaintiff FMUSA is without an adequate remedy at law, in that damages are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff FMUSA will be required to pursue a multiplicity of actions.

71.    Plaintiff FMUSA has sustained damage as a result of Defendants' wrongful acts as hereinabove alleged. Plaintiff FMUSA is presently unable to ascertain the full extent of the money damages it has suffered and will suffer by reason of said acts of unfair competition, but upon information and belief, such damages exceed Five Million Dollars ($5,000,000).

72.    Plaintiff FMUSA is informed and believes, and on that basis alleges, that Defendants have obtained gains, profits, and advantages as a result of their acts of unfair competition as hereinabove alleged. Plaintiff FMUSA is presently unable to ascertain the full extent of the gains,

profits, and advantages Defendants have obtained by reason of their aforesaid wrongful acts, but upon information and belief, such gains, profits, and advantages exceed Five Million Dollars ($5,000,000).

73.    Inasmuch as Defendants have committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, the damages awarded to Plaintiff FMUSA therefor should be trebled or enhanced as provided by 15 U.S.C. § 1117.

## FIFTH CLAIM FOR RELIEF
### (State Unfair Competition Under New York General Business Law § 360-l)

74.    Plaintiff FMUSA repeats and realleges each and every allegation contained in paragraphs 1 through 73 above as if fully set forth herein.

75.    Plaintiff FMUSA is informed and believes, and on that basis alleges, that Defendants, with full knowledge of the notoriety and popularity of the Plaintiff FMUSA's FM Stylized Trademark, intended to have traded upon the goodwill associated with said trademark in order to arrogate to themselves the economic benefit of the goodwill associated with Plaintiff FMUSA's FM Stylized Trademark.

76.    Defendants' acts, as alleged above, constitute unfair competition and will, unless enjoined by the Court, result in the destruction and/or diversion of Plaintiff FMUSA's goodwill in its FM Stylized Trademark (including the valuable property rights therein), and in the unjust enrichment of Defendants.

77.    By reason of the aforesaid, the continued passing off by Defendants of their infringing products as if the same originated with or were authorized by Plaintiff FMUSA has caused, and unless restrained will continue to cause, serious and irreparable injury to Plaintiff FMUSA.

17

78.    Plaintiff FMUSA is informed and believes and on that basis alleges that Defendants have committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with the express intent to injure Plaintiff FMUSA in its business.

79.    Plaintiff FMUSA has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Defendants and Plaintiff FMUSA is without an adequate remedy at law, in that damages are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff FMUSA will be required to pursue a multiplicity of actions.

80.    Plaintiff FMUSA has sustained damage as a result of Defendants' wrongful acts as hereinabove alleged.  Plaintiff FMUSA is presently unable to ascertain the full extent of the money damages it has suffered and will suffer by reason of said acts of unfair competition, but upon information and belief, such damages exceed Five Million Dollars ($5,000,000).

81.    Plaintiff FMUSA is informed and believes, and on that basis alleges, that Defendants have obtained gains, profits, and advantages as a result of their acts of unfair competition as hereinabove alleged.  Plaintiff FMUSA is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid wrongful acts, but upon information and belief, such gains, profits, and advantages exceed Five Million Dollars ($5,000,000).

82.    Inasmuch as Defendants have committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, Plaintiff FMUSA is also entitled to punitive damages of not less than Ten Million Dollars ($10,000,000).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff FMUSA demands judgment against Defendants, and each of them, jointly and severally, as follows:

1.    On all of its Claims, permanently enjoining and restraining Defendants, their respective officers, agents, servants, employees and attorneys, and predecessors and successors, by whatever name, and all those in active concert or participation with them from:

(a)    Manufacturing, distributing, importing, advertising, promoting, holding out for sale and/or selling any products or services bearing or in connection with Plaintiff FMUSA's FM Stylized Trademark or any colorable imitations thereof, or otherwise using same;

(b)    Directly or indirectly applying or using on products or services or using in connection with the manufacture, importation, sale, distribution, marketing or promoting thereof Plaintiff FMUSA's FM Stylized Trademark, or any marks, emblems, logos, decals or terms which in any way imitate or simulate Plaintiff FMUSA's FM Stylized Trademark;

(c)     Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff FMUSA's FM Stylized Trademark in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, importation, circulation or distribution of any infringing products or services in such fashion as to relate or connect, or tend to relate or connect such products or services in any way to Plaintiff FMUSA, or to any goods or services sold, manufactured, sponsored or approved by, or connected with Plaintiff FMUSA;

(d)     Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products or services manufactured, imported, distributed, offered for sale or sold by Defendants are in any manner associated or connected with Plaintiff FMUSA or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff FMUSA;

(e)     Engaging in any other activity constituting unfair competition with Plaintiff FMUSA, or constituting an infringement of any of Plaintiff FMUSA's trademarks, or of Plaintiff FMUSA's rights in, or rights to use or to exploit, said trademarks, or constituting any dilution of Plaintiff FMUSA's names, reputations or goodwill;

(f)     Engaging in any acts or activities directly or indirectly calculated to trade upon or injure the reputation or the goodwill of Plaintiff FMUSA or in any manner to compete unfairly with Plaintiff by appropriating the distinctive

20

features of Plaintiff FMUSA's FM Stylized Trademark or associated artwork, formats, trade dress and other distinctive creative elements;

(g)     Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs 1(a) through (f) hereinabove; and

(h)     Secreting, destroying, altering, removing or otherwise dealing with infringing products or services or any books or records which contain any information relating to the importation, manufacture, production, distribution, circulation, sale, marketing, offering for sale, advertising, promoting or displaying of any infringing products or services by Defendants.

2.     Directing that Defendants deliver for impoundment:

(a)     All infringing products or materials associated with their infringing products, including labels, boxes, signs, packages, advertisements, promotional materials, novelty items, prints, dyes, wrappers, receptacles and any other such goods or merchandise in Defendants' possession, custody or control bearing any counterfeit, copy or substantially similar designations or representations of Plaintiff FMUSA's FM Stylized Trademark; and

(b)     All means of making any counterfeits or infringing marks, copies of, or substantially indistinguishable designations or representations associated with any of the items set forth in subparagraph 2 hereinabove.

3.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or

services manufactured, imported, distributed, offered for sale, sold or otherwise circulated or promoted by Defendants are authorized by Plaintiff FMUSA or related in any way to Plaintiff FMUSA's products.

4.     On its First, Second, Third and Fourth Claims, directing that an accounting of and judgment be rendered against each Defendant for all profits received by any of the Defendants and all damages sustained by Plaintiff FMUSA on account of Defendants' trademark infringement and unfair competition; and furthermore, that such profits and damages as found herein be trebled or enhanced, as provided by 15 U.S.C. § 1117.

5.     On its Fifth Claim, awarding Plaintiff FMUSA punitive damages of not less than $10,000,000.

6.     On its Second, Third and Fifth Claims, awarding Plaintiff FMUSA its costs in this action, including reasonable attorneys' and investigative fees, as provided by 15 U.S.C. § 1117.

7.     Directing that the Court retain jurisdiction of this action for the purpose of enabling Plaintiff FMUSA to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

8.     Awarding to Plaintiff FMUSA such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 30, 2007

Respectfully submitted,

**PILIERO GOLDSTEIN KOGAN
& MILLER, LLP**

By           _____

    Michael C. Miller (MM-4632)
    Evan Glassman (EG-9493)
    Christopher J. Marino (CM-3219)
10 East 53rd Street
New York, New York 10022
(212) 478-8500

*Attorneys for Plaintiff
Franck Muller USA, Inc.*

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

Southern _____ **DISTRICT OF** _____ New York _____

FRANCK MULLER USA, INC.,

**SUMMONS IN A CIVIL CASE**

### V.

YAFA ANTIQUE JEWELRY INC.; YAFA
JEWELRY INC.; NEW YORK BUYER'S
JEWELRY, INC.; NEW YORK TIME OF 47TH
STREET INC.; JOHN DOES 1-50; AND, XYZ
CORPORATIONS 1-50,

CASE NUMBER:    06 CV 15410

TO: (Name and address of defendant)

THE ABOVE NAMED DEFENDANTS.
(See atttached service list)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael C. Miller, Esq.
Evan Glassman, Esq.
Christopher J. Marino, Esq.
Piliero Goldstein Kogan & Miller, LLP
10 East 53rd Street, 36th Floor
New York, New York 10022

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

APR 3 0 2007

**J. MICHAEL McMAHON**

CLERK _____

DATE _____

(BY) DEPUTY CLERK

AO 440  (Rev. 10/93) Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____
_____
_____
_____

☐  Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
　　　　　　　　　Date                                                  Signature of Server


　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Address of Server

(1)　　As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# SERVICE LIST

## Complete Listing of Defendants

YAFA ANTIQUE JEWELRY INC.; YAFA JEWELRY INC.; NEW YORK BUYER'S JEWELRY, INC.; NEW YORK TIME OF 47TH STREET INC.; JOHN DOES 1-50; and, XYZ CORPORATIONS 1-50

## Complete Listing of Defendants' Addresses and Counties

YAFA Antique Jewelry Inc.
15 West 47th Street, Booth 1
New York, New York 10036
*New York County*

YAFA Jewelry Inc.
15 West 47th Street, Booth 1
New York, New York 10036
*New York County*

New York Time of 47th Street, Inc.
46 West 47th Street
New York, New York 10036
*New York County*

New York Buyer's Jewelry, Inc.
46 West 47th Street
New York, New York 10036
*New York County*

John Does 1-50
*Addresses and Counties Unknown*

XYZ Corporations 1-50
*Addresses and Counties Unknown*